## WHITE v. UNITED STATES.

### No. 45955.

Court of Claims.

Nov. 5, 1945.

Plaintiff claims and seeks to recover the difference in retired pay from December 1, 1941, of a major in the Regular Army credited with twenty-one years' service and such pay of a lieutenant colonel credited with more than twenty-three years' service.

Special Findings of Fact.

1. Plaintiff had enlisted service from May 15, 1918, to August 25, 1918. He was a commissioned officer in the Army from August 26, 1918, to October 30, 1919. On July 1, 1920, plaintiff was appointed a second lieutenant, Infantry, Regular Army, and he accepted the commission October 5, 1920. He was promoted to a first lieutenant, dating from July 1, 1920. He was promoted to captain October 1, 1934, and to major July 1, 1940. Plaintiff had continuous active commissioned service from August 26, 1918, to October 30, 1919, and from October 5, 1920, to November 30, 1941.

2. Plaintiff received the following letter of October 2, 1941, from The Adjutant General:

"The Secretary of War directs that Major James C. White, Infantry, now on leave of absence in Washington, D. C., report to The Adjutant General, Room 1522, Munitions Building, at 9:00 A. M., October 9, 1941 on temporary duty for the purpose of appearing before a board of general officers convened under the provisions of Public Law 190, 77th Congress, and upon completion of this temporary duty he will revert to a leave status."

3. October 9, 1941, plaintiff appeared before the Board of General Officers appointed under authority of Joint Resolution of July 29, 1941, 55 Stat. 606, 10 U.S. C.A. § 571 note, and the board at that time conducted a hearing pursuant to the provisions of this statute. At the hearing plaintiff resisted retirement.

The Adjutant General sent plaintiff the following communication on November 12, 1941:

"1. The Board of General Officers appointed under authority of Public Law No. 190, 77th Congress, has recommended your removal from the active list of the Regular Army.

"2. By par. 1, S. O. 262, W. D. 1941, you were granted leave of absence for 23 days effective on or about November 10, 1941, and it is contemplated issuing your retirement order this month effective November 30, 1941.

"3. It is desired that this letter be acknowledged giving address to which you desire your retirement order to be sent when issued. In this connection attention is invited to the fact that a retirement order received while on leave of absence at a place other than the last station allows mileage from the place of receipt of the order by the officer to the designated home only and never for a distance greater than from the last station to home selected. (Par. 1, AR 35–4840, W. D., December 15, 1924).

"By order of the Secretary of War."

The Secretary of War issued the following order November 27, 1941:

"The action of the Board of General Officers convened under the provisions of Section 2 of the Act of Congress approved July 29, 1941, recommending that Major James C. White, Infantry, be removed from the active list of the Regular Army, is approved and he will be retired from active service on November 30, 1941, under the provisions of the above mentioned act."

4. The Adjutant General addressed the following communication to plaintiff on November 27, 1941:

"Major James C. White (O–1166) Infantry, is retired from active service, to take effect November 30, 1941, after more than twenty-two years' service, under the provisions of Section 2 of the Act of Congress approved July 29, 1941, (Public Law 190, 77th Congress), in the grade of lieutenant colonel under the provisions of Section 3 of the Act of Congress approved June 13, 1940 [10 U.S.C.A. § 971b]. He is relieved from his present assignment and duty at Fort Leonard Wood, Missouri, on November 30, 1941, and at the proper time will proceed to his home. The travel directed is necessary in the Military service.

"FD 1401 P 1—06 A 0410—2.

"By order of the Secretary of War."

5. In accordance with the above-mentioned orders plaintiff was placed on the retired list effective from November 30, 1941, in the grade of lieutenant colonel with the retired pay of a major credited with more than 21 years of service.

6. Plaintiff was removed and retired under the provisions of Joint Resolution of July 29, 1941, 55 Stat. 606, referred to in the retirement order quoted in finding 4 as "the Act of Congress," which provides as follows:

"That during the national emergency announced by the President on May 27, 1941, section 24b of the National Defense Act, as amended [June 4, 1920], is hereby suspended.

"Sec. 2. That during the time of the national emergency announced by the President on May 27, 1941, the Secretary of War, for such causes and under such regulations as he may prescribe, may remove any officer from the active list of the Regular Army: Provided, That such removal be made from among officers whose performance of duty, or general efficiency, compared with other officers of the same grade and length of service, is such as to warrant such action, or whose retention on the active list is not justified for other good and sufficient reasons appearing to the satisfaction of the Secretary of War: Provided further, That each officer so removed from the active list shall have been recommended for removal by a board of not less than five general officers convened for this purpose by the Secretary of War: Provided further, That such officer is allowed a hearing before said board. The action of the Secretary of War in removing an officer from the active list shall be final and conclusive. Officers removed from the active list who have less than seven completed years of commissioned service at the time of removal shall be honorably discharged. Officers removed from the active list who have seven or more completed years of commissioned service at the time of removal shall be retired with retirement pay computed as follows: Any officer so retired who has over thirty years' service or any officer so retired who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, shall be retired with annual pay equal to 75 per centum of his active duty annual pay at the time of his retirement; any other officer so retired shall be retired with annual pay equal to 2½ per centum of his active duty annual pay at the time of his retirement, multiplied by a number equal to the number of complete years of his service counted for pay purposes under existing laws not in excess of thirty years. All officers retired under the provisions of this section shall be placed on the unlimited retired list."

Fred W. Shields, of Washington, D. C. (King & King, of Washington, D. C., on the brief), for plaintiff.

Clay R. Apple, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

LITTLETON, Judge.

Plaintiff brought this suit to recover the difference in the retired pay from December 1, 1941, of a lieutenant colonel entitled to a credit of 23 years of service in the Regular Army and the retired pay, which he has been and is being paid, of a major credited with 21 years of service.

As shown by the findings plaintiff was removed, after a hearing, from the active

list of officers of the Regular Army on November 30, 1941, and was retired from active service by the Secretary of War under and pursuant to the Joint Resolution of Congress, approved July 29, 1941, 55 Stat. 606, which made the action of the Secretary final and conclusive. At that time and since July 1, 1940, plaintiff held the rank of major in the Regular Army and was receiving the active-duty pay of the fourth-pay period provided by law for an officer with more than 14 years' service and less than 23 years' service. When plaintiff was removed from the active list he had less than 23 years of continuous service as a commissioned officer.

Plaintiff relies upon the provisions of section 2 of the act of June 13, 1940, 54 Stat. 379, 380, amending Sec. 3, act of July 31, 1935, 10 U.S.C.A. § 552a, and contends that under those provisions, which he insists were applicable even though he was removed under the act of July 29, 1941, he was and is entitled to receive as retired pay three-fourths of the active duty pay of a lieutenant colonel. This act of 1940 repealed section 2 of the act of July 31, 1935, entitled "An Act To promote the efficiency of national defense," and amended sections 3 and 5 of such act which provided for a promotion list of commissioned officers and made provisions for their promotion and also for their retirement on their own application after a certain specified number of years of service. 10 U.S.C.A. § 971b. Section 24b, hereinafter referred to, as amended by the National Defense Act of June 4, 1920, 41 Stat. 773, 10 U.S.C.A. § 571, was in effect in 1935 and provided for removal from the active list and involuntary retirement of commissioned officers placed in Class B by a Board established by the President. Sections 3 and 5 of the act of July 31, 1935, supra, as amended by sections 2 and 3 of the act of June 13, 1940, supra, relied upon by plaintiff, provided, so far as material, as follows:

"Sec. 2. * * *.

"The number of promotion-list officers that shall be in the respective grades at any time after the effective date of this Act shall be such as results from the operation of the promotion system hereinafter in this section prescribed. Promotion-list second lieutenants and first lieutenants shall be promoted to the respective grades of first lieutenant and captain immediately upon completing respectively three years' and ten years' continuous commissioned service

in the Regular Army, but not otherwise. Except as hereinafter provided promotion-list captains, majors, and lieutenant colonels shall be promoted to the respective grades of major, lieutenant colonel, and colonel immediately upon completing respectively seventeen years', twenty-three years', and twenty-eight years' continuous commissioned service in the Regular Army: Provided, That at no time shall the number of promotion-list colonels exceed seven hundred and five: Provided further, That promotion-list majors and lieutenant colonels shall not be promoted to the respective grades of lieutenant colonel and colonel until they shall have completed respectively six years' and five years' continuous commissioned service under permanent appointments in the grades of major and lieutenant colonel, except that for the purpose of determining years of such service in grade officers promoted to or serving in the respective grades of major and lieutenant colonel shall, in addition to receiving credit for all actual continuous commissioned service in the Regular Army in those grades, receive constructive credit of one-half the amount of their continuous commissioned service in the Regular Army in excess of seventeen and twenty-three years, respectively: Provided further, That each promotion-list officer shall be assumed to have, for promotion purposes, at least the same length of continuous commissioned service in the Regular Army and service in grade as any officer junior to him, in his grade, on the promotion list, * * *; Provided further, That no officer shall be promoted, under the provisions of this section, in advance of any officer in the same grade whose name appears above his on the promotion list, except that the promotion of an officer shall not be withheld by reason of the fact that an officer senior to him on the promotion list is for any reason not eligible for promotion: And provided further, That hereafter all promotion-list officers in any grade shall take rank among themselves according to their standing on the promotion list.

"Sec 3. * * * That whenever any officer on the active list of the Regular Army or Philippine Scouts shall have completed not less than fifteen nor more than twenty-nine years' service, he may upon his own application be retired, in the discretion of the Secretary of War with annual pay equal to 2½ per centum of his active-duty annual pay at the time of his

retirement, multiplied by a number equal to the years of his active service not in excess of twenty-nine years: Provided, That the numbers of years of service to be credited in computing the right to retirement and retirement pay hereinbefore provided in this section shall include all service now or hereafter credited for active-duty pay purposes, any fractional part of a year amounting to six months or more to be counted as a complete year: Provided further, That any officer on the active list of the Regular Army or Philippine Scouts who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, shall upon his own application be retired with annual pay equal to 75 per centum of his active-duty annual pay at the time of his retirement unless entitled to retired pay of a higher grade as hereinafter provided. * * *

"Provided further, That any promotion-list officer retired for any reason except by operation of section 24b, National Defense Act, or wholly retired, who has completed twenty-eight or more years of continuous commissioned service in the Regular Army and who has failed to reach the grade of colonel by reason of the limitation on the number of promotion-list officers in the grade of colonel or by reason of the restriction of years of service in grade of major or lieutenant colonel shall be retired in the grade of colonel with retired pay computed as otherwise provided by law for a colonel with the same length of service including all service now or hereafter credited for active-duty pay purposes, and any such officer who has completed more than twenty-three but less than twenty-eight years of continuous commissioned service in the Regular Army and who has failed to reach the grade of lieutenant colonel by reason of the restriction of years of service in grade of major shall be retired in the grade of lieutenant colonel with retired pay computed as otherwise provided by law for a lieutenant colonel with the same length of service including all service now or hereafter credited for active-duty pay purposes: Provided further, That each promotion-list officer shall be assumed to have for retirement purposes, at least the same length of continuous commissioned service in the Regular Army as any officer junior to him on the promotion list: Provided further, That the number of years of service to be credited in computing the right to

retirement and retirement pay in the case of officers retired by reason of having reached the age of sixty years or over shall include all service heretofore credited for retirement at age sixty-four: Provided further, That nothing in this Act shall operate to deprive any officer of the retired rank to which he is now entitled under the provisions of law: And provided further, That all officers retired under the provisions of this section shall be placed on the unlimited retired list."

The above-quoted amended section 3 provides only for retirement of an officer "upon his own application" under the length of service provision, and the section also provides that "All promotion-list officers shall be retired at the age of sixty years," with certain exceptions. Plaintiff was not retired under the act of June 13, 1935; neither was he retired "upon his own application" or because of his age, but he was removed from the active list and placed on the retired list on the ground, as provided in the Joint Resolution of July 29, 1941, 55 Stat. 606, that his "performance of duty, or general efficiency, compared with other officers of the same grade and length of service" was such as to warrant such action in the opinion of the Secretary of War (finding 6). It will be noted also that the statute of July 29, 1941, also provides that: "Any officer so retired * * * who served in any capacity as a member of the military or naval forces of the United States prior to November 12, 1918, *shall be retired with annual pay equal to 75 per centum of his active duty annual pay at the time of his retirement; * * *.*" [Italics supplied.] The fact that plaintiff, upon being removed and retired, was given the retired rank of lieutenant colonel under section 3 of the act of June 13, 1940, is not, in the circumstances, controlling as to retired pay to which he was and is entitled. Plaintiff contends that he was retired under both the act of June 13, 1940, and the Joint Resolution of July 29, 1941, and that the act of June 13 controls as to retired pay, but the facts do not support this position. Sec. 3 of the act of June 13, 1940, specifically excluded from its provisions officers removed and retired under sec. 24b of the National Defense Act of June 4, 1920, 41 Stat. 773, and the Joint Resolution, which suspended sec. 24b during the National emergency, was a substitute for sec. 24b in effect when the act of June 13, 1940, upon which plaintiff relies, was enacted.

This is shown by the fact that sec. 24b and the Joint Resolution were dealing with the same subject matter; i. e., involuntary removal and retirement of commissioned officers. In effect, the Joint Resolution was an amendment, during the period of the National emergency, of sec. 24b which it suspended during such period. Section 24b, as amended June 4, 1920, provided that: "The President shall convene a board, * * * which shall arrange all officers in two classes, namely: Class A, consisting of officers who should be retained in the service, and Class B, of officers who should not be retained in the service." That section made further provision for either the discharge of Class B officers or for the retirement and for retired pay of such officers as were found eligible to be placed upon the retired list upon removal from the service.

Since plaintiff was removed and retired under the provisions of the Joint Resolution of July 29, 1941, the provisions of the act of June 13, 1940, are not applicable and he is entitled only to the retired pay of a major and not that of a lieutenant colonel. The petition is therefore dismissed. It is so ordered.

WHALEY, Chief Justice, and WHITAKER, Judge, concur.

MADDEN and JONES, Judges, took no part in the decision of this case.